PER CURIAM:
Claimant brought this action for vehicle damage that occurred when his 1997 Jaguar struck a one and a half inch discontinuity between the asphalt and metal expansion joint on 1-64 East just prior to the Nitro bridge in Scott Depot, Kanawha County. Interstate 64 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:3 0 p.m. on September 27, 2009. At the time of the incident, Claimant, Cornelious Jones, was driving easthound on 1-64 towards Charleston. The area in question is a two-lane road that converges with the St. Albans ramp on the right just prior to the Nitro bridge. Claimant testified that as he proceeded towards the bridge his vehicle struck a metal bridge joint protruding an inch and a half higher than the preceding pavement. Claimant stated that he did not see the gap between the asphalt and metal bridge until his vehicle was on top of it. Although Claimant travels this road on a daily basis, he had not encountered this hazard on a previous occasion. As a result of this incident, Claimant’s vehicle sustained damage to the left front and right front and rear tires and wheels in the amount of $1,544.32. Since Claimant’s insurance declaration sheet indicates that his deductible was $500.00, Claimant’s recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the condition on 1-64 E at the time of the incident. Rick Flazelwood, Maintenance Supervisor for the Department of Highways at the Scary office, testified that he oversees maintenance repairs in the area in question. Mr. Hazelwood stated that he was familiar with the resurfacing project on 1-64 East, and indicated that paving work was being conducted from the 42 mile marker through the 40th Street overpass. He stated that the night prior to the incident the asphalt had been ground out up to the expansion joint at the bridge. According to Mr. Hazelwood there were no warning signs erected to advise drivers of the work.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dept of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dept of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the protruding metal bridge joint which Claimant’s vehicle struck and that the condition of the road presented a hazard to the traveling public. The fact that the pavement was ground down on the travel portion of the road up to the bridge expansion joint and that no warning signs were erected leads the Court to conclude that Respondent was negligent. Thus, Claimant may make a recovery for the damage to his vehicle.
*181 It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $500.00.
Award of $500.00.